**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

WEINER LAW GROUP LLP
STEFANI C SCHWARTZ, ESQ.
629 Parsippany Road
Parsippany, NJ 07054-0438
Phone: (973) 403-1100
Attorneys for Defendants

| | |
|---|---|
| Richard M. Zelma,<br><br>        Plaintiff,<br><br>v.<br><br>PENN LLC d/b/a PULSETV.COM (an Illinois limited liability company) and PULSE DIRECT, INC. d/b/a PULSETV.COM (an Illinois corporation), and Jaffer Ali, as President of PULSE DIRECT, INC. and Does' (1010 and ABC Corporations' (1-10); each acting individually, in concert or as a group,<br><br>        Defendants. | Civil Case No.<br><br>From the: Superior Court of New Jersey, Law Division, Bergen County,<br>Docket No. BER-L-001326-19<br><br>*Electronically Filed*<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |

**TO:**  THE CLERK AND THE HONORABLE JUDGES
OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Defendants, PENN LLC d/b/a PULSETV.COM, PULSE DIRECT, INC. d/b/a PULSETV.COM, and Jaffer Ali (collectively "Defendants"), hereby file the within Notice of Removal, pursuant to 28 U.S.C. § 1441, of this action from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. BER-L-001326-19, ("State Action") in which it is now pending, to the United States District

Court for the District of New Jersey, Newark Vicinage. Removal of this matter from the Superior Court of New Jersey to the United States District Court is proper for the reasons set forth below:

1.    On February 15, 2019, Richard M. Zelma ("Plaintiff") commenced a civil action in the Superior Court of the State of New Jersey, Law Division, Bergen County, captioned Richard M. Zelma v. PENN LLC d/b/a PULSETV.COM (an Illinois limited liability company) and PULSE DIRECT, INC. d/b/a PULSETV.COM (an Illinois corporation), and Jaffer Ali, as President of PULSE DIRECT, INC. and Does' (1010 and ABC Corporations' (1-10); each acting individually, in concert or as a group, by filing a Complaint, which was docketed BER-L-001326-19, annexed hereto as Exhibit A.

2.    On or about February 27, 2019, Defendants were served with the Complaint in the State Action. Proof of service is annexed hereto as Exhibit B.

3.    In Count One of the Complaint, Plaintiff alleges that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227(b)(1)(A)(iii), when they allegedly initiated unlawful texts to his cellular telephone using an automated telephone dialing system without Plaintiff's consent. Plaintiff alleges $3,000.00 in damages as a result of this violation.

4.    In Count Two of the Complaint, Plaintiff alleges that Defendants violated 47 U.S.C. §§ 227(c)(5)(C) when they allegedly

solicited his telephone number, which was on the Federal Trade Commission's no-call list. Plaintiff alleges $3,000.00 in damages as a result of this violation.

5.    In Count Three of the Complaint, Plaintiff alleges that Defendants violated 47 U.S.C. §§ 227 (b)(3)(C) when they allegedly knowingly and willingly solicited Plaintiff and initiated text messages directed at him without prior consent, under false pretenses. Plaintiff alleges $18,000.00 in treble damages as a result of this violation.

6.    In Count Four of the Complaint, Plaintiff alleges that Defendants violated the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-130, when they allegedly engaged in prohibited solicitation and initiated text messages to Plaintiff with an intent to market their products, goods, or services. Plaintiff alleges $54,000.00 in treble damages as a result of this violation.

7.    As of this date, Defendants have not filed a responsive pleading in this action commenced by Plaintiff in the Superior Court of New Jersey, Law Division, Bergen County.

8.    Defendants are entitled to the removal of this matter as this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1331 (diversity), and pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction), since the State law claims are so related to the

Federal claims that they form part of the same case under the United States Constitution.

9.   Defendants are entitled to the removal of this matter, pursuant to 28 U.S.C. § 1446(b), as this Petition of Removal has been filed within thirty (30) days of service of the Complaint in the State Action.

10.   This matter is therefore properly removed to this Court, pursuant to 28 U.S.C. § 1441(a), because the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

11.   Accordingly, this matter should be removed to the United States District Court for the District of New Jersey by virtue of the provisions of 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(b).

12.   The document annexed hereto as Exhibit A comprises all of the pleadings filed in the State Court in this matter.

13.   Simultaneously with the filing of this Petition of Removal, Defendants have given written notice of the removal to Plaintiff and the Clerk of the Superior Court for Bergen County, New Jersey pursuant to 28 U.S.C. § 1446(d).

14.   Defendants reserve all defenses available to them at law, in equity or otherwise.  Defendants do not waive any defenses available to them by filing the instant Petition of Removal.

**WHEREFORE,** Defendants respectfully request that this action, now pending in the Superior Court, Law Division, Bergen County, be removed to the United States District Court for the District of New Jersey.

WEINER LAW GROUP, LLP
Attorneys for Defendants


By: */s/ Stefani C Schwartz*
STEFANI C SCHWARTZ

Dated: March 19, 2019