## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optonline.net
Tel: 201 767 8153

| | |
|---|---|
| **Richard M. Zelma**<br>**Plaintiff**<br>Vs.<br>PENN LLC d/b/a PULSETV.COM (an Illinois limited liability company), and<br>PULSE DIRECT, INC. d/b/a PULSETV.COM, (an Illinois corporation), and<br>Jaffer Ali, as President of Pulse Direct Inc.<br>and<br>Does' (1-10 and ABC Corporations' (1-10); each acting individually, in concert or as a group.<br><br>**Defendants'** | **Removed from**<br><br>The Superior Court of New Jersey;<br><br>**DOCKET NO.: BER- L- 1326-19**<br><br>District Court Case Number:<br><br>2:19-cv-08725-JMV-JAD<br><br>PLAINTIFFS BRIEF IN OPPOSITION to DEFENDANTS MOTION FOR SANCTIONS and in OPPOSITION TO THE DEFENDANTS REQUEST TO DISMISS PLAINTIFFS COMPLAINT.<br><br>RETURN DATE: Sept. 16, 2019 |

**PLAINTIFFS BRIEF IN OPPOSITION TO
DEFENDANTS MOTION FOR SANCTIONS and in
OPPOSITION TO THE DEFENDANTS REQUEST TO
DISMISS PLAINTIFFS COMPLAINT**

**RICHARD M. ZELMA,** *pro se*
**On the Brief**

Plaintiff submits this Brief in opposition to the Defendants Motion for Sanctions and their Motion to Dismiss, (The Motions) filed by Defense counsel Stefani Schwartz, (Hereinafter "Schwartz" or "Counsel").

## I. OVERVIEW

This suit is based on the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227; "the TCPA"), its underlying regulations, (47 C.F.R. §64.1200) and common law civil conspiracy for prohibited text messages (calls) to a New Jersey resident whose cell phone number is on the Federal and State no-call registry. Plaintiff is a resident of the State of New Jersey having maintained his cell phone for 15 years. Plaintiff's cell phone is listed with the FTC no-call registry as well as its mirrored counterpart, the New Jersey no call registry, since inception.

## II. HISTORICAL BACKGROUND

As proffered in the original Complaint, Plaintiff has maintained a cell phone for at least 15 years. Plaintiff's cell phone number has been on the Federal No Call list since 2004. New Jersey's no call list mirrors the Federal list.

The defendants business, as described in part by local counsel, James Bosco, relies on text messaging to market their consumer products. Therefore, they are telemarketers. (See: Pl's. EX. 1; Req. for Admis. to Def., No's. 1,2,4 & 5).[1]

A text message to a cellular telephone qualifies as a "call" within the compass of 47 USC §227(b)(1)(A)(iii). 768 F.3d 871, 874 (C.A.9 2014).

---

[1] *2003 TCPA Order,* 18 FCC Rcd at 14115, para. 165; *see also* 47 U.S.C § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)(iii); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) (noting that text messages are actionable under the TCPA, since they are a form of communication used primarily between telephones and are therefore consistent with the definition of a "call").

As a telemarketing entity, the Defendants are required to have a Written Policy available upon demand. The Defendants do not![2]

Although the Defendants claim they have procedures in place to meet Statutory Requirements and Minimum Standards, they did not provide the requisite proof, such as a Written Policy, indicative of the fact they do not have 'no-call' procedures in place.

### III  CHAIN OF EVENTS

Prior to filing suit, Plaintiff noticed several text messages had appeared on his cell phone absent any audible notification. Shortly after, he received additional text messages. Following some research to identify the sender, Plaintiff eventually identified the Defendants as the sender of those text messages. Plaintiff reached reached out to the defendants advising them of the unlawful activity. [Schwartz Br.; Mot. for Sanctions, pg 4]

Plaintiff believes and thereby avers that the Defendants are and have been engaged in unlawful telemarketing activity through text messaging and have done so in violation of the law.[3]

---

[2] *1992 TCPA Order*, 7 FCC Rcd at 8765-66, para. 23.  Specifically, the Commission's rules require that persons or entities engaged in telephone solicitations must have a written policy available upon demand for maintaining a do-not-call list, must inform and train any personnel engaged in telephone solicitations in the existence and use of the list, and must record the request and place the subscriber's name and telephone number on the do-not-call list at the time the request is made.  47 C.F.R. § 64.1200(e)(2)(i)–(iii).

[3] The Telephone Consumer Protection Act of 1991, 47 U.S.C. §227;  47 C.F.R.§64.1200; the Report and Order, FCC Document 92-443 et seq., (hereinafter the "TCPA"); prohibits telemarketing to residential telephone subscribers, unless, such entity engaged in telemarketing is in compliance with the Statutory Requirements and Minimum Standards of the TCPA. 47 C.F.R. §64.1200 (e)(2)et seq. [See 7 FCC Rcd 8752,8763-8765 (1992)]

By their own admission, the Defendants are not registered with the State of New Jersey as telemarketers or as an entity using telemarketing to market their business. Furthermore, the Defendants admit they do not subscribe to the no call registry administered by the Federal Trade Commission. (See: Def. Resp. to Pl's. Req. for Admis., # 26 & 27).

Defendants can operate efficiently and accurately in their marketing practices, or they can choose to cut corners. Those decisions are for Defendants to make. But when operations are sloppy and mistakes are made, the recipients of the unlawful calls are damaged nonetheless and are entitled to seek statutory damages as provided by law.

Plaintiffs complaint is supported by Exhibit 1, a screen capture of each of the Defendants prohibited text messages. Defendants were sufficiently on notice, therefore, as to the date, time, and content of messages that Plaintiff submitted which violated the TCPA.

Plaintiff's claim is that the Pulse Defendants violated the TCPA by using an Automated Telephone Dialing System (ATDS) to contact him six (6) times on his cellular telephone at various dates between December 7, 2018 and January 19, 2019,. (Pl. Compl. ¶27)

Plaintiff had no prior business relationship with the Defendants; never heard of the Defendants nor did he ever provide any permission for the Defendants to text him. (Plt. Compl. ¶56)

The TCPA combats the threat to privacy caused by unsolicited telemarketing by making it unlawful to make any call using an Automatic Telephone Dialing

system or ATDS, to any service for which the called party is charged for the call (as Plaintiff's cell number is). 47 U.S.C. § 227(b)(1)(A)(iii).

Furthermore, the TCPA makes it illegal to place a telemarketing call to a number on the National Do-Not-Call registry or to violate any of the implementing provisions of the TCPA, such as failing to maintain an internal do-not-call list or policy. 47 U.S.C. § 227(c)(5) *et seq*. ***Id.***

Furthermore, The New Jersey Consumer Fraud Act; Codified under N.J.S.A. §56:8-159 states: To violate the Act, a person must commit a statutory "unlawful practice" through an affirmative act, knowing omission or regulation violation. *Cox v. Sears Roebuck & Co.,* 138 N.J. 2,17 (1994). In determining what constitutes an "unconscionable commercial practice" the standard of conduct that the term implies is a lack of "good faith, honesty in fact and observance of fair dealing." Cox, 138N.J. at 18, citing *Kugler v. Romain*, 58N.J. 522,544 (1971). The Defendants knowingly sent six (6) commercial text messages to Plaintiff. ***Id.***

### IV.   COUNSELS PRELIMINARY STATEMENTS ARE REPLETE WITH INACCURACIES

The Defendants filed a Motion for Sanctions having a pending Motion to Dismiss plaintiffs complaint. [Def. Br. Pg.1] The Defendants Motions, which in and of themselves are frivolous, should be denied. The essence of the[ir] motion is the allegation that Plaintiff's instant suit has no merit. However, Defendants' own motion affirms the factual basis of Plaintiff's TCPA claim, i.e., that Defendants had indeed violated the TCPA by texting Plaintiff.

Plaintiff adequately plead the elements of a TCPA claim. [See: *Charvat v. National Holdings, et al.*, Case No. 2:14-cv-02205, in the U.S. District Court for the Southern District of Ohio]

A TCPA claim must allege a defendant:

1. Initiated a telephone call or message,
2. Violated TCPA sections 47 USC §§227(b)(1)(A)(iii) & 227(c)(5)
3. To a residential telephone line or cellular phone,
4. Without the prior express consent of the recipient.

In Defendants own brief, *those factual elements are expressly asserted by them as true* in this case. On pages 1-5, Defendants affirm initiating telephone text messages to Plaintiff's cellular phone on at least (6) different occasions.

Within the body of their motion, [Def. Br. Pg 1, "caused Plaintiff to receive the text messages." Thus (1), Initiated a telephone call or message; there is no dispute.

Defendants affirm the calls consisted of text messages, which violate section 227(b) of the TCPA. Thus (2) is not in dispute. Defendants' brief on Page 4 further details how Plaintiff contacted Defendant about the fact he had not granted consent and the customer service representative merely instructed him to reply "STOP". The[ir] brief then rambles on about the matter, but nowhere in the brief is there any assertion that Plaintiff granted consent. Instead, Defendants' allege that someone else put in Plaintiff's cellular telephone number, allegedly by mistake. Thus elements (3) and (4) are also not in dispute.

Plaintiff has stated a valid claim under the TCPA and Defendants have affirmed in their motion that he has done so. <u>Thus Defendants have affirmed Plaintiff's complaint is not frivolous</u>.

Thereafter, the motion argues that Plaintiff had a duty under the law to 'stop' Defendants' unlawful activities. [Def. Br. Pg's. 1,4,5,9&10]. The Defendants claim is asserted, despite the fact the[ir] motion cites to no statutory law, authority or regulation, nor any case-law where such a duty exists!

In this attempt to raise a straw-man argument to the court that Plaintiff had such a duty to mitigate Defendants' unlawful conduct, the word "mitigate" does not even appear in the motion, and for good reason. There is no duty to mitigate in TCPA cases!

In 2013, the FCC prescribed a regulation requiring Prior Express Written Consent for all autodialed or prerecorded calls ("robocalls") which include or introduce an advertisement or which constitutes telemarketing to wireless numbers. Specifically, it required: "[A]n agreement, **in writing, bearing the signature** of the person called, that clearly authorizes the seller to deliver or cause to be delivered to the person called, advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

(i) The written agreement shall include a clear and conspicuous disclosure informing the person signing that:

(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory, telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services. 47 C.F.R. §§ 64.1200(a)(2) and (f)(8). Plaintiff has signed nothing!

A plaintiff alleging a violation under the TCPA "need not allege any additional harm beyond the one Congress has identified." *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016)(quoting *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1549 (2016) (emphasis in original)).

Plaintiff is registered on a do-not-contact list, well known as the Federal do-not-call list. (Def. Br., Center, Pg-1)

## V.     THE DEFENDANTS UNSTABLE PROCEDURAL HISTORY AND BACKGROUND FACTS

The defenses raised by counsel are specious, prevarications and problematic.

Plaintiff does not herein argue the merits of his lawsuit but rather the odious claims of counsel.

As outlined below, Plaintiffs argument is sufficient to survive the[ir] Motion. Discovery is expected to illuminate the participation by each member of the consortium along with the truthfulness of their claims.

Plaintiff has procured sufficient information from the Defendants as well as their local attorney James Bosco, describing a myriad of reasons and excuses as to why the subject text messages were initiated.

In conflict with the Schwartz' statement; "*when they allegedly initiated six (6) unlawful text messages to his cellular telephone, . . .*", there is no 'allegedly', only fact. The defendants sent the text messages. [See Schwartz Cert. at ¶2, Exhibit A]

Plaintiff provided proof of the six prohibited text messages. [Pl's Compl. Ex. 1; Def. Decl. of Schwartz, Ex. A]; Counsel admits to the factual transmission and receipt of the subject texts: "*unbeknownst to Defendants, Plaintiff received text messages from PulseTV on December 5, 2018; December 7, 2018; December 21, 2018, and January 11, 2019.*" [See Schwartz Cert. at 14, Exhibit C.]

It is the responsibility of Defendants and Defendants alone, to ensure that they are contacting the right person, that they have the requisite written consent, and that their marketing does not violate the TCPA. Even then, purported "consent" that was obtained because a number was incorrectly entered is not properly subject to a Motion to Dismiss.

The Defendants are required to prove this assertion of "consent" beyond mere "threadbare recitals", "conclusory statements," and the mention of a "nonexistent person". But beyond their mere allegation that they supposedly had "consent" to contact Plaintiff, Defendants provide[d] no evidence of such "consent" and no evidence of "the little old lady" who allegedly entered the wrong number into their database. Plaintiff has alleged the opposite. Namely, that Defendants had no consent to contact him.

Moreover, the issue of express consent is an "affirmative defense for which the Defendant bears the burden of proof." *Grant v. Capital Mgmt. Servs.*, L.P., 449 Fed. Appx. 598, 600 n. 1 (9th Cir.2011).

While the defense rants *ad nauseam* that "Plaintiff never replied 'stop' to opt-out. . .", the defense should be aware that Plaintiff is not obligated to do so. A duty on a plaintiff to educate a defendant deprives the plaintiff, who is innocent of any wrongdoing of compensation for the torts of the defendant. "*The injured party is not obligated to exalt the interests of the defaulter to his own probable detriment.*" (In re *Kellett Aircraft Corp.*, 186 F.2d 197)

Furthermore, the FCC has addressed this negative optioning over the years where a consumer is under no obligation to opt-out as Schwartz so carelessly avers. In fact, the FCC notes the dangerous consequences of replying to a message in an attempt to opt out: ***"Don't reply, and don't click on links provided in the message: Links can install malware on your computer and take you to spoof-sites that look real but whose purpose is to steal your information."*** (FTC Consumer Information, March 2013)

### VI. LEGAL ARGUMENT
### POINT I
### THE COURT SHOULD NOT IMPOSE SANCTIONS AGAINST PLAINTIFF PURSUANT TO F.R.C.P. 11

Defendants have not one citation anywhere in its brief to any such lawful duty imposed on the recipient of a call or text that violates the TCPA, except to list ones number with the FTC no-call registry, which plaintiff had done at inception of that list.

While relying heavily on a baseless claim that Plaintiff had a duty to do something, nowhere in her papers does Schwartz provide even one iota of case law specifically on point with the instant matter.

Attempts by other defendants to shield themselves with such arguments have been repeatedly rejected by the courts which have held there is no duty to mitigate damages regarding TCPA violations. [See also: *Supreme Court of Ohio. The STATE ex rel. CHARVAT, Appellee, v. FRYE, Judge, Appellant, et al. No. 2006-2275*. Decided: June 27, 2007]  {¶ 26} Finally, notwithstanding Judge Frye's argument to the contrary, his reliance on the common-law principle of *volenti non fit injuria* (a person is not wronged by that to which he consents) and that an injured party must mitigate his damages, is misplaced. There is no duty to mitigate in TCPA cases. See, e.g., *Manufacturers Auto Leasing, Inc. v. Autoflex Leasing, Inc.* (Tex.App.2004), 139 S.W.3d 342, 347-348; *Kane V. National Action Fin. Servs., Inc.*, 2011 WL 6018403 (E.D. Mich. Nov. 7, 2011); called party "means the person subscribing to the called number at the time the call was made." *Harris v. World Financial Network National Bank et al,* 867 F.Supp.2d 888 (2012) WL 1110003] "Like Kane, Plaintiff received calls on his cellular phone from a party using an automated dialing system, intending to reach someone else." *Alea London Ltd. v. American Home Services, Inc.,* 638 F.3d 768, 776 (11 Cir. 2011) "The TCPA is essentially a strict liability statute which imposes liability for erroneous unsolicited [calls]."

## CONCLUSION

A stable factual background of non-frivolous legal argument, outlining why the defendants lack of compliance in this area of law, caused the core events of

this case, is set forth above. In a well pled Brief in Opposition to the Defendants Motion to Dismiss, Plaintiff points to several areas of non-compliance while the Defendants frivolous defensive arguments are name calling along with unsupported claims with no factual support.

In a struggle to support their unstable position and weakened foundation, Defense Counsel now resorts to seek sanctions against Plaintiff under a plethora of manufactured claims which need not be repeated here. Those claims have no basis in law as the[ir] only purpose is to twist the facts into placing blame on Plaintiff.

A careful reading of the the Defendants Brief supporting their Motion to Dismiss proffers only one issue; that plaintiff did not reply with 'STOP' to the defendants unlawful text messages.

While the body of the defendants brief is replete with *ad nauseam* claims and personal attacks, there appears to be no defense at all.

As set-forth herein, Plaintiff stated claims upon which relief should be granted and respectfully submits his Brief in Opposition for consideration.

For the reasons set forth above, the defendants' Motion to Dismiss should be DENIED in its entirety.

The Defendants Motion for Sanctions should be DENIED in its entirety.

Respectfully submitted;

Dated: 9-3-19

Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optonline.net
Tel: 201 767 8153