UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WEINER LAW GROUP LLP
STEFANI C SCHWARTZ, ESQ.
629 Parsippany Road
Parsippany, NJ 07054-0438
Phone: (973) 403-1100
Attorneys for Defendants

| | |
|---|---|
| Richard M. Zelma,<br><br>               Plaintiff,<br><br>v.<br><br>PENN LLC d/b/a PULSETV.COM (an Illinois limited liability company) and PULSE DIRECT, INC. d/b/a PULSETV.COM (an Illinois corporation), and Jaffer Ali, as President of PULSE DIRECT, INC. and Does' (1010 and ABC Corporations' (1-10); each acting individually, in concert or as a group,<br><br>            Defendants. | Civil Case No. 2:19-cv-08725-JMV-JAD<br><br>*Electronically Filed*<br><br>*Motion Date: September 16, 2019* |

REPLY BRIEF ON BEHALF OF DEFENDANTS
IN FURTHER SUPPORT OF MOTION FOR SANCTIONS

WEINER LAW GROUP LLP
629 Parsippany Road
P.O. Box 438
Parsippany, NJ 07054-0438
Phone:(973) 403-1100
Fax:(973) 403-0010 (fax)
Attorneys for Defendants

Of Counsel and On the Brief:
    Stefani C Schwartz, Esq. (ID No. 014661996)

On the Brief:
    Aimee S. Weiner, Esq. (ID No. 122652015)

## **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS .......................................... I

TABLE OF AUTHORITIES ....................................... II

PRELIMINARY STATEMENT ...................................... 1

LEGAL ARGUMENT ............................................. 1

POINT I .................................................... 1

THE COURT SHOULD IMPOSE SANCTIONS AGAINST PLAINTIFF PURSUANT
TO F.R.C.P. 11 AND PLAINTIFF HAS NOT DEMONSTRATED OTHERWISE .... 1

CONCLUSION ................................................. 4

## TABLE OF AUTHORITIES

**Page**

**Cases**

Bensalem Township v. International Surplus Lines Ins. Co.,
  38 F.3d 1303 (3d Cir. 1994)................................... 2

Bus. Guides, Inc. v. Chromatic Communs. Enters.,
  498 U.S. 533 (1991).......................................... 3


**Rules**

Fed. R. Civ. P. 11(b) .......................................... 1

Fed. R. Civ. P. 11(c) .......................................... 4

## PRELIMINARY STATEMENT

PENN LLC d/b/a PulseTV.COM, Pulse Direct, Inc. d/b/a PulseTV.COM ("PulseTV"), and Jaffer Ali (collectively "Defendants") submit this reply brief in further support of the Defendants' Motion for Sanctions ("Motion").

As set forth in Defendants' initial application, and herein, it is clear that the Complaint filed by Plaintiff, Richard M. Zelma ("Plaintiff") has no basis in law or fact and is frivolous, such that it constitutes vexatious and bad faith litigation, in contravention of Federal Rule of Civil Procedure ("F.R.C.P.") 11(b). Even taking Plaintiff's version of the facts (as set forth in his opposition to the Motion) as true, it is clear that Plaintiff was aware that his claims were not well-grounded in law and fact when he filed the Complaint.

## LEGAL ARGUMENT

### POINT I

### THE COURT SHOULD IMPOSE SANCTIONS AGAINST PLAINTIFF PURSUANT TO F.R.C.P. 11, AND PLAINTIFF HAS NOT DEMONSTRATED OTHERWISE

In support of his legal argument that the Court should not impose sanctions, Plaintiff relies upon multiple cases from other jurisdictions, which are not binding on this Court. Specifically,

Plaintiff cites to factually distinguishable cases from Ohio, Texas, and Michigan.[1]

Even if these cases were binding on this Court, which they are not, they are wholly irrelevant to the instant case. At the outset, none of these cases involve applications for sanctions. These cases do not address whether the plaintiffs satisfied their affirmative duty "to conduct a reasonable inquiry into the applicable law and facts prior to filing[]" a Complaint based on the Telephone Consumer Protection Act ("TCPA"). See Bensalem Township v. International Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir. 1994). Therefore, these cases should not be considered by this Court.

In accordance with the law, Plaintiff had an affirmative duty to conduct a reasonable inquiry into the applicable law and facts prior to filing his Complaint. Prior to initiating this lawsuit, Plaintiff had personal knowledge that the honest mistake of a customer – not Defendants – caused Plaintiff to receive the text messages at issue. Although Plaintiff had multiple opportunities to unsubscribe from PulseTV's text program, and provide Defendants with information to be placed on the do not contact/text list, he

---

[1] Many of the cases cited by Plaintiff are unpublished. Plaintiff has not attached copies of the unpublished decisions, which is required by Federal Rule of Civil Procedure 32.1(b). Defendants have attached the cases referenced by Plaintiff for the Court's convenience. See Declaration of Stefani C Schwartz, Esq., Exhibits A-D. However, Defendants could not locate the case identified by Plaintiff as "Supreme Court of Ohio, The STATE ex rel. CHARVAT, Appellee, v. FRYE, Judge, Appellant, et al No. 2006-2275, Decided June 27, 2007."

chose not to do so. Plaintiff blatantly disregarded the instruction of Defendants' customer service support representative, and instead, decided to file a frivolous lawsuit.

In his opposition, Plaintiff does not deny that he had personal knowledge that the honest mistake of a customer caused him to receive the text messages. Plaintiff does not deny that he deliberately ignored the customer service representative's directive to reply "STOP" to the message. Plaintiff does not deny that he explicitly refused to provide his telephone number to Defendants so that he could be removed from the subscription list.

These incontrovertible facts demonstrate that Plaintiff's Complaint is frivolous and has no basis in law or fact. In deciding a motion for sanctions, "[t]he main objective of the Rule is not to reward parties who are victimized by litigation; it is to deter baseless filings and curb abuses." Bus. Guides, Inc. v. Chromatic Communs. Enters.,498 U.S. 533, 553 (1991). This is the epitome of a baseless filing.

s

## CONCLUSION

For the reasons set forth in Defendants' initial application, and herein, it is respectfully requested that the Court: (1) Order sanctions against Richard M. Zelma pursuant to F.R.C.P. 11(c); (2) dismiss the Complaint pursuant to the Court's inherent powers to sanction; and (3) award Defendants attorney's fees and reasonable expenses incurred in connection with defending this action.

<div style="margin-left: 40%;">

WEINER LAW GROUP LLP
Attorneys for Defendants

By: /s/ *Stefani C Schwartz*
      STEFANI C SCHWARTZ
      A Member of the Firm

</div>

Dated: September 9, 2019

1673834_1                    4