# EXHIBIT A

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement") is made and entered into on this ___ day of September, 2020, by and between Plaintiff, Richard Zelma ("Plaintiff"), and Defendants, Penn LLC d/b/a PULSETV.COM ("PulseTV"), PULSE DIRECT, INC. d/b/a PULSETV.COM, and Tom Zegar (collectively referred to as "Defendants").

**WHEREAS**, Defendants operate PulseTV, a business that offers a wide variety of products to consumers at discounted prices; and

**WHEREAS**, on February 15, 2019, filed a complaint in the Bergen County Superior Court of New Jersey, Law Division, captioned <u>Richard M. Zelma v. PENN LLC d/b/a PULSETV.COM (an Illinois limited liability company) and PULSE DIRECT, INC. d/b/a PULSETV.COM (an Illinois corporation), and Jaffer Ali, as President of PULSE DIRECT Inc., and Does' (1-10) and ABC Corporations' (1-10); each acting individually, in concert, or as a group</u>, Docket Number BER-L-001326-19, alleging that Defendants violated the Telephone Consumer Protection Act, 47 <u>U.S.C.</u> 227 <u>et</u> <u>seq</u>. ("TCPA"), by using an automatic telephone dialing system without Plaintiff's prior consent; and

**WHEREAS**, on March 19, 2019 the matter was removed to the United States District Court for the District of New Jersey and assigned as Case Number 2:19-cv-08723-JMV-JAD; and

**WHEREAS**, on January 17, 2020, the Honorable John Michael Vazquez, U.S.D.J., granted Defendants' motion to dismiss all claims against Defendant Jaffer Ali; and

**WHEREAS**, on February 10, 2020, Plaintiff filed an Amended Complaint adding Defendant Tom Zegar; and

**WHEREAS**, on September 22, 2020, the Parties attended a settlement conference before the Honorable Joseph A. Dickson, Magistrate Judge for the District of New Jersey, during which the Parties reached an agreement on all material terms of a settlement regarding Plaintiff's claims; and

**WHEREAS**, Defendants deny engaging in any unlawful conduct, and deny any and all liability on the claims asserted by Plaintiff in this litigation; and

**WHEREAS**, the parties nevertheless desire to settle any and all claims asserted in this litigation in order to avoid the burden and expense of continued litigation.

**NOW, THEREFORE**, in consideration of the mutual promises and obligations contained herein, it is hereby agreed as follows:

    **1.**    <u>**Consideration.**</u> In settlement of this matter, Defendants agree to pay Plaintiff the total sum of $6,470.00 ("Settlement Payment"). Defendants shall pay Plaintiff in the form a check payable to Plaintiff within ten (10) calendar days of Plaintiff: (1) executing this Agreement and returning a copy of same to Defendants' counsel; and (2) executing and filing the stipulation of

dismissal with prejudice and without costs relating to the Litigation, annexed hereto as Exhibit A. The parties agree and understanding that this Settlement Payment compensates Plaintiff for any and all claims that relate to or arise out of the allegations contained within the Plaintiff's Amended Complaint.

        2.      **<u>Waiver and Release of Claims</u>**. In settlement of this matter and in consideration of the payments set forth in Paragraph 1, above, Plaintiff hereby releases and forever discharges Defendants, in their official and personal capacities, and their related or affiliated entities, and each of their past, present and future officers, directors, attorneys, employees, owners, insurers, and their respective successors and assigns (collectively "Releasees"), jointly and severally, from any and all actions, complaints, causes of action, lawsuits or claims of any kind (collectively "Claims"), known or unknown, asserted or unasserted, which Plaintiff, his heirs, agents, executors, successors or assigns ever had, now have or hereafter may have against Releasees arising out of any matter, occurrence, omission, or event existing or occurring prior to Plaintiff's execution of this Agreement, including, without limitation: (1) Defendants' use of an "automatic telephone dialing system" or "artificial or prerecorded voice" as defined in the TCPA, and/or any other statutory or common law claim arising from the use of a telephone dialing system or artificial or prerecorded calls, to Plaintiff's telephone; (2) Defendants' solicitation of a number on the Federal Trade Commission's "no call" list; and/or (3) any other statutory or common law claim arising from the use of a telephone dialing system or artificial or prerecorded calls to Plaintiff's telephone.

        3.      **<u>Non-Released Claims</u>**. The General Release in Paragraph 2 does not apply to:

        (a)      Any claims to interpret or to determine the scope, meaning or effect of this Agreement;

        (b)      Any claims to require Defendants to honor its commitments set forth in this Agreement;

        (c)      Any claims relating to any conduct, matter, event, or omission occurring after execution of this Agreement, provided, however, that in the event Plaintiff receives an unsolicited text message or telephone call from Defendants, Plaintiff is required to notify Defendants, in writing, at which time Defendants will be given twelve (12) hours to cure. The written notice required under this subsection must be given to: (1) _____ via _____ at \_\_\_\_; <u>and</u> (2) Stefani C Schwartz, Esq. via email at sschwartz@hatfieldschwartzlaw.com.

        4.      **<u>No Prior Obligation to Make Payments; Adequate Consideration</u>.** Plaintiff acknowledges and agrees that absent him signing this Agreement and complying with all terms of the Agreement, Defendants are not required to pay the Settlement Payment, and the Settlement Payment constitutes adequate consideration to support the release of Claims in Paragraph 2 above.

        5.      **<u>Confidentiality</u>.** Plaintiff agrees that, at all times, the existence, terms, and conditions of this Agreement will be kept secret and confidential and will not be disclosed to any

other person or entity, except his attorneys or tax advisors for the purpose of confidential legal or tax counseling, or as required by law. In the event that Plaintiff makes a disclosure as permitted by this confidentiality provision, he shall inform the person and/or entity to whom disclosure is made of this confidentiality provision, and instruct such person and/or entity that any breach of confidentiality would constitute a material breach of this Agreement and subject him to damages including, but not limited to, costs and attorneys' fees.  In response to inquiries from persons or entities other than those to whom the disclosure is permitted above, Plaintiff may respond only that all claims have been resolved.

      **6.** **Non-Disparagement.** Plaintiff agrees that he will not make any negative comments or disparaging remarks, in writing, orally or electronically, about Defendants, including their respective officers, directors, and employees and their respective products and services. Nothing in this paragraph or this Agreement shall be interpreted to restrict or inhibit Plaintiff's right and obligation to: (1) testify truthfully in any forum; or (2) cooperate fully in any investigation by a governmental agency.

      **7.** **Counterparts; Entire Agreement; No Oral Modification.** This Agreement may be executed in counterparts, which together shall comprise the entire Agreement. This Agreement constitutes the entire agreement between the Parties and supersedes any and all prior agreements, written or oral, expressed, or implied. No other promises, agreements or amendments, or any separate agreement relating to the subject matter of this Agreement shall be binding or shall modify this Agreement unless expressed in writing and signed by all Parties hereto.

      **8.** **Governing Law.** This Agreement shall be governed and construed in accordance with the laws of the State of New Jersey.

      **9.** **Construction.** No provision of this Agreement shall be construed by any Court or judicial authority against any Party by reason of such Party being deemed to have drafted, structured, or modified such provision.

      **10.** **No Admission of Liability.** Nothing in this Agreement shall be construed as an admission or concession of liability or wrongdoing by Defendants. Rather, this Agreement is being offered for the sole purpose of settling cooperatively and amicably any and all possible disputes between the Parties.

      **11.** **Severability.** Nothing in this Agreement is intended to violate any law or shall be interpreted to violate any law. If any paragraph or part or subpart of any paragraph in this Agreement or the application thereof is construed to be overbroad and/or unenforceable, then the court making such determination shall have the authority to narrow the paragraph or part or subpart of the paragraph as necessary to make it enforceable and the paragraph or part or subpart of the paragraph shall then be enforceable in its/their narrowed form.  Moreover, each paragraph or part or subpart of each paragraph in this Agreement is independent of and severable (separate) from each other. In the event that any paragraph or part or subpart of any paragraph in this Agreement is determined to be legally invalid or unenforceable by a court and is not modified by a court to be enforceable, the affected paragraph or part or subpart of such paragraph shall be

stricken from the Agreement, and the remaining paragraphs or parts or subparts of such paragraphs of this Agreement shall remain in full, force and effect.

    **12.** **Headings.** The headings contained in this Agreement are for convenience of reference only and are not intended, and shall not be construed, to modify, define, limit, or expand the intent of the parties as expressed in this Agreement, and they shall not affect the meaning or interpretation of this Agreement.

    **13.** **Acknowledgements and Representations of Plaintiff.** Plaintiff agrees and represents that:

    (a) He has carefully read the terms of this Agreement, including the General Release;

    (b) He has been given a full and fair opportunity to review the terms of this Agreement with legal counsel of his choice;

    (c) He understands the meaning and effect of the terms of this Agreement, including the General Release;

    (d) The entry into and execution of this Agreement, including the General Release, is of his own free and voluntary act without compulsion of any kind;

    (e) No promise or inducement not expressed herein has been made to him; and

    (f) He has adequate information to make a knowing and voluntary waiver and release of claims.

    **IN WITNESS WHEREOF,** the parties, intending to be legally bound, hereby execute this Agreement as follows:

Richard Zelma

_____        Date:_____

Penn LLC d/b/a PULSETV.COM and PULSE DIRECT, INC. d/b/a PULSETV.COM

By:_____        Date:_____

Tom Zegar

_____          Date:_____

# EXHIBIT A

RICHARD M. ZELMA
Richard M. Zelma, Pro Se
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optonline.net
Tel: 201 767 8153

| | |
|---|---|
| Richard M. Zlema,<br><br>                   Plaintiff,<br><br>  v.<br><br>PENN, LLC., et d/b/a PULSETV.COM (an Illinois limited liability company), and PULSE DIRECT, INC. d/b/a PULSETV.COM, (an Illinois corporation), and Tom Zegar, as Vice President and CoFounder of Pulse TV and Does' (1-10 and ABC Corporations' (1-10); each acting individually, in concert or as a group<br><br>                  Defendants. | Civil No. 19-8725 (JMV)<br><br>**STIPULATION AND ORDER OF DISMISSAL WITHOUT PREJUDICE** |

      IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff, Richard M. Zelma ("Plaintiff"), and Defendants, Penn LLC d/b/a PULSETV.COM, PULSE DIRECT, INC. d/b/a PULSETV.COM and Tom Zegar ("Defendants"), that all claims that were or could have been brought in the above-captioned action by Plaintiff against the Defendants are dismissed with prejudice and without costs, attorneys' fees, expenses, or disbursements to any Party.

                                                                       Respectfully Submitted,

_____            _____
STEFANI C SCHWARTZ, ESQ.,                         RICHARD M. ZEMA,
*Attorney for Defendants*                                       *Pro Se Plaintiff*